Robinson, J.
At the outset this court desires to make it clear that it has no opinion as to the merits of the contention of either party to the controversy now being litigated in the court of appeals, and will confine itself solely to a consideration of the power of that court to retain jurisdiction of the cause and of its power to make interlocutory injunctive orders and attach conditions thereto.
The city first invoked the jurisdiction of the common pleas court, and then by appeal that of the court of appeals, to restrain the gas company from discontinuing its service and also for a mandatory order requiring the gas company to comply with the terms of the ordinance fixing the rate at thirty-five cents per thousand cubic feet. Of course it must be conceded that if the courts had no jurisdiction of the subject-matter, such jurisdiction could not be conferred even by an attempt of all parties to invoke jurisdiction. But it must be, and, indeed, as we read the briefs and understand the arguments of counsel, is, conceded that if the various ordinances under which the gas company acquired its right and privileges in the streets, and the acceptance by the gas company of such ordinances, created a contract for an unexpired term, or in perpetuity, and authorized the city to fix the rate at stated intervals during such term, and the gas company was threatening to repudiate its obligation under its contract with the city, that this gave rise to a situation of which a court of equity would have jurisdiction upon such jurisdiction being properly invoked.
However, it is contended, as we understand the position of counsel for the city, that, notwithstanding the fact that a court of equity has jurisdiction *103 to require the gas company to comply with the terms of the various ordinances and contracts, and notwithstanding the fact that prior to the adoption of the various provisions of the Code, authorizing the public utilities commission upon appeal to revise and fix rates, a court of equity would have had jurisdiction to determine all the issues which might have been made in such case by answer, among them the issue whether the rate fixed by council was so unreasonable and inadequate as to amount to confiscation, by reason of the fact that jurisdiction by legislative enactment has been conferred upon the public utilities commission in the matter of rates an adequate remedy has been provided and the jurisdiction which had theretofore inhered in the courts lias been withdrawn.
The question is not a new one in Ohio.
In the case of Feuchter v. Keyl, 48 Ohio St., 357, this court held: “A new remedy provided by statute for an existing right, where it neither denies an existing remedy nor is incompatible with its continued existence, should be regarded as cumulative, and the person seeking redress may adopt and pursue either remedy at his option.”
In the case of City of Zanesville v. Fannan, 53 Ohio St., 605, this court held: “Where a statute which creates a new right, prescribes the remedy for its violation, the remedy is exclusive; but when a new remedy is given by statute for a right of action existing independent of it, without excluding other remedies already known to the law, the statutory remedy is cumulative merely, and the party may pursue either at his option.”
*104 The right to acquire and possess private property and the inhibition against its confiscation are constitutional rights; the right to appeal to the courts for any injury done to lands and goods is also a constitutional right. The provisions of the Code which created the public utilities commission and conferred upon it jurisdiction in the matter of rates, in so far as applicable to this case, created no new right, other than the right under certain circumstances to fix rates, and in all other respects applicable to this case created a new remedy for existing rights, and in no way withdrew from the courts any of the jurisdiction which they theretofore had, and of course could not abrogate constitutional rights. This principle has been recognized in the case of Newark Natural Gas & Fuel Co. v. City of Newark, 92 Ohio St., 393, where this court held:- “Before a gas company may be relieved from compliance with the terms of an ordinance fixing the maximum price for gas, which has been regularly passed in pursuance of the authority conferred by Section 3982, General Code, it must show that the rates so fixed are plainly unreasonable and will result in the taking of its property without just compensation.”
And in the case of City of Washington v. Public Utilities Commission, 99 Ohio St., 70, at page 72, this court held in a per curiam opinion: “If the company felt that the ordinance of the city, which prescribed the rates to be observed by it, was indefinite, or invalid for any other reason, it could have attacked the validity in a court of competent jurisdiction.” And again in the opinion by Judge Johnson in the case of City of Cincinnati v. Public Utilities Commission, 98 Ohio St., 320, where this *105 language was used at page 329: “Notwithstanding this, if the city at any time should fix a rate which is so unjust or unreasonable and beneath a proper compensatory return as to amount to taking of the property of the company without just compensation, it would have recourse to the courts for the protection of its rights and property. Mo. Pac. Ry. Co. v. Tucker, 230 U. S., 340, 347; Newark Nat. Gas & Fuel Co. v. City of Newark, 92 Ohio St., 393, and Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa, 234.”
In any event a holding that the remedy by appeal to the public utilities commission provided by the Code is exclusive could only be justified upon the theory that such remedy is adequate; and the averments of the answer and cross-petition present a situation which would render such remedy inadequate.
That the court has jurisdiction in equity, pending the final determination of the case, in the interest of justice, to make such interlocutory injunctive orders as may be necessary to preserve the rights of the parties in the subject-matter of the controversy to the end that the final judgment of the court may not be defeated by the action of either party to the litigation in advance of the rendition of such judgment has long been the law, is, and must be, conceded. But it is contended that the court of appeals has exceeded its jurisdiction in that it has fixed rates not authorized by any provision of the ordinance, that rale fixing is a legislative function, and that the action of the court of appeals in that respect is an invasion of the legislative field.
*106 It seems to be conceded that had the court of appeals confined itself to the issuing of a temporary order restraining the gas company from discontinuing its service, or a temporary order restraining the city from putting in force the provision as to rate, or any other provision of the ordinance, it would have been acting within its jurisdiction.
The order of the court of appeals was that “pending final decree herein” the city be restrained from attempting to enforce the provisions of the ordinance, and from interfering with the appellee in putting into effect a schedule of rates not in excess of certain rates therein named, that “said injunction and decree shall take effect and continue in force upon the following conditions and not otherwise,” and that the rates collected in excess of thirty-five cents per 1,000 cubic feet be impounded in the Union Trust Company subject at all times to the order of the court, and that so much of such sums so impounded as shall be in excess of the rate ultimately established by law or by agreement of the parties, together with interest, be returned to the consumer paying the same, and that the gas company give bond with approved security in the sum of $10,000, conditioned as required by law.
The city then is in the position of complaining not that the court was without jurisdiction to prohibit the city from enforcing the provision of the ordinance as to a rate of thirty-five cents, but that while the court had jurisdiction to enjoin the enforcement of the ordinance it had no jurisdiction to limit the gas company in its exercise of the power incident to such order. It is complaining of the limitation imposed upon the gas company, in favor of the city *107 and its inhabitants, which the court made a condition precedent to the taking effect of the order of injunction.
That it has long been the policy of the courts to grant injunctions pendente lite in such form as to best protect the rights of all parties in interest is a matter of common knowledge, and, while our attention has been directed to no reported case in Ohio where the right of the court to make limitations upon an interlocutory injunctive order has been judicially declared, the equity jurisdiction of the courts of Ohio is not different from the equity jurisdiction of courts elsewhere.
Many cases are reported from the federal courts and courts of other states sustaining the right.
In Russell v. Farley, 105 U. S., 433, at page 438, the supreme court of the United States held: “It is a settled rule of the Court of Chancery, in acting on applications for injunctions, to regard the comparative injury which would be sustained by the defendant, if an injunction were granted,'and by the complainant, if it were refused. Kerr on Injunctions, 209, 210. And if the legal right is doubtful, cither in point of law or of fact, the court is always reluctant to take a course which may result in material injury to either party; for the damage arising from the act of the court itself is damnum absque injuria, for which there is no redress except a decree for the costs of the suit, or, in a proper case, an action for malicious prosecution. To remedy this difficulty, the court, in the exercise of its discretion, frequently resorts to the expedient of imposing terms and conditions upon the party at whose instance it proposes to act. The power to impose *108 such conditions is founded upon, and arises from, the discretion which the court has in such cases, to grant, or not to grant, the injunction applied for. It is a power inherent in the court, as a court of equity, and has been exercised from time immemorial.” (Italics ours.)
In Meyers v. Block, 120 U. S., 206, that court again held at page 214: “As to the power of a court of equity to impose any terms in its discretion as a condition of granting or continuing an injunction, there can he no question.”
Judge Farrington in the case of Spring Valley Water Co. v. City and County of San Francisco, 165 Fed. Rep., 667, used this apt language at page 711: “This court is bound to gauge with even hands its interlocutory relief by the circumstances, conditions, and rights which have appeared, to the end that each party shall suffer the minimum of injury. But at this time in these proceedings, under what principle can an order be justified by which the court says, in effect, to complainant, ‘You are entitled to so much relief; this the court deems just and reasonable ; you will not only be permitted to take this, but you will be put in such a position that you can take as much more as you think reasonable.’ True, this court can not fix water rates, but it can require each suitor who seeks equity to do equity, or go away empty.”
In the instant case the court of appeals, has not fixed a rate between the city and the gas company, but has said to the gas company: Pending the litigation we will restrain the city from requiring you to furnish gas at thirty-five cents per thousand cubic feet, provided you furnish it at a rate not in excess *109 of a rate named, and provided you impound the excess over the ordinance rate with a trustee, subject to the order of this court, to be returned to the consumer with interest in the event that a final rate, less than the rate by you collected, is fixed by agreement or otherwise.
It needs no argument to support the jurisdiction of the court to issue an order of injunction pendente lite against the city enforcing a rate confiscatory, for the reason that a confiscatory rate enforced for days differs only in degree from a confiscatory rate enforced for years.
In referring to the rate of thirty-five cents per thousand cubic feet as confiscatory, this court is assuming the allegations of the answer and cross-petition of the gas company to be true, and is not intending to determine the issue of fact now or about to be presented to the court of appeals.
The defendant court of appeals has jurisdiction to determine the effect and validity or invalidity of the ordinance or ordinances in issue, jurisdiction to grant an interlocutory injunction against either party to the litigation, pending the final determination of the case, and jurisdiction to attach such conditions to its order of injunction as in its sound discretion will do the least harm to the party enjoined, pending the final determination of the issues.

Writ denied.

Johnson, Hough, Jones and Matthias, JJ., concur.
Marshall, C. J., concurs in proposition three of the syllabus, and in the judgment.